UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:24-cv-05408-FLA (SK) | Date: March 13, 2025 |
| Title | Francisco Solorio v. Warden Ricolcol, et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

In June 2024, petitioner filed a habeas petition under 28 U.S.C. § 2241 claiming that BOP officials had been interfering with or otherwise preventing his placement in a Residential Reentry Center (RRC) to serve the rest of his custodial sentence. (ECF 1 at 7). However, because he was placed in a RRC soon after the petition's filing, petitioner was ordered to show cause why the petition should not be dismissed as moot, which he was allowed to discharge just by filing a voluntary notice of dismissal that would have resolved the petition in its entirety. (ECF 13). On March 5, 2025, petitioner filed that voluntary dismissal, as ordered. (ECF 14).

At the same time, though, petitioner implied on the dismissal form that he was dismissing only his request for RRC placement. (*Id.*). But there is nothing left in the petition that the court has jurisdiction to decide under § 2241. Habeas relief is available under § 2241 only for claims that would "necessarily lead to his immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). To the extent that petitioner seeks some other remedy—including perhaps monetary damages—for the alleged obstruction to his placement in a RRC, that alleged malfeasance and any such damages are all beyond the "core of habeas corpus." *Id.* Perhaps any alleged obstruction might have excused failure to exhaust prison administrative remedies, but it presents no standalone claim for relief of any kind under § 2241.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05408-FLA (SK)                                    Date: March 13, 2025

Title      Francisco Solorio v. Warden Ricolcol, et al.

  For these reasons, petitioner is ordered to show cause why his petition should not be summarily dismissed, if not as moot, then for lack of jurisdiction.  *See* Rule 4 of Rules Governing Section 2254 Cases ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"); *see also* L.R. 72-3.2 (summary dismissal of habeas petition authorized when "it plainly appears from the face of the petition" that "petitioner is not entitled to relief").  Petitioner may discharge this order by signing and returning the attached Form CV-09y within 7 days of receiving this order.  Failure to return that form as ordered or to otherwise timely respond in writing will lead to the immediate closing of this case with no further notice.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

  IT IS SO ORDERED.